STATE of Missouri, ex rel., MISSOURI LAND RECLAMATION COMMIS-SION and Missouri Department of Natural Resources, and Lincoln County Stone Company, Inc., Relators,

v.

Honorable J. Rockne CALHOUN, Respondent.

Nos. ED 77507, ED 77520.

Missouri Court of Appeals, Eastern District, Writ Division Two.

Dec. 5, 2000.

Michael E. Kaemmerer, Brian E. Mc-Govern, Kevin T. McLaughlin, Chesterfield, MO, Timothy P. Duggan, Theodore A. Kardis, Attorney General's Office, Jefferson City, MO, for relators.

David A. Taylor, Jefferson City, MO, for respondent.

## OPINION

JAMES DOWD, Judge.

Relators, the Director of the Missouri Department of Natural Resources, the Missouri Land Reclamation Commission, and Lincoln County Stone Company, Inc. (LCSC) make application to prohibit the respondent, the Honorable J. Rockne Calhoun, from proceeding on an order to show cause why the relators should not be held in contempt. On March 1, 2000, we issued a preliminary writ of prohibition pursuant to Rule 97.04. We now make that preliminary writ permanent.

This case comes to us for the second time. A detailed recitation of its facts and procedural history is set out in *Lincoln County Stone Co., Inc. v. Koenig*, 21 S.W.3d 142 (2000). The only facts relevant to the disposition of this appeal are that Judge Calhoun issued an order rescinding LCSC's permit to mine limestone and LCSC continued to mine for fifteen days after that order. Upon learning of LCSC's continued operation Judge Calhoun issued an order to the Director of the Missouri Department of Natural Resources, the seven members of the Land Reclamation Commission and LCSC to show cause why they should not be held in contempt of court. Relators ceased mining immediately upon receipt of this order.

The order rescinding LCSC's permit to mine limestone reads as follows:

Therefore, it is the judgment of this Court that the order entered by the Missouri Land Reclamation Commission on the 25th day of March 1999, is hereby reversed and the permit of Lincoln County Stone Company is hereby rescinded.

Judge Calhoun seeks to find LCSC in contempt for continuing to mine after entry of this order. He seeks to find the Director of the Missouri Department of Natural Resources and the members of the Land Reclamation Commission in contempt for assisting LCSC in violating his order by failing to take action to prevent LCSC from mining. Relators argue that Judge Calhoun lacks authority to find them in contempt because he did not specifically order LCSC to cease mining.

■ Contempt is available only where a party has been ordered to perform or not to perform a specific act and yet refuses to do so. *State of Missouri ex rel. City of Pacific v. Buford*, 534 S.W.2d 819, 822 (Mo.App.1976). It is well established that a court may not, in a contempt proceeding, expand by implication an order of a trial court. *Id.* Before contempt may be found the conduct required by the court order must be "so specific and definite as to leave no reasonable basis for doubt as to its meaning." *Id.*

■ Judge Calhoun's order rescinded LCSC's permit, but it did not specifically order a halt to mining operations. Judge Calhoun argues that his order implicitly ordered LCSC to cease mining, and by implication, ordered the Department of Natural Resources and the Land Reclamation Commission to enforce that prohibition. Relators disagree. They argue that there is a considerable difference between an order rescinding a permit and an order forbidding the conduct that permit legally entitles its holder to engage in. Relators note that when the court rescinded LCSC's permit to mine limestone it did not specifically order LCSC to do or refrain from doing anything. The order merely revoked LCSC's permit to mine. The effect of that order was to expose LCSC to possible prosecution for mining without a permit. Section 444.786 RSMo 1994. Mining without a permit is a misdemeanor. The penalty for being found guilty of mining without a permit is a fine of not less than fifty dollars nor more than one thousand dollars for each day of operation without a permit. *Id.*

■ The Missouri General Assembly created a comprehensive statutory scheme

to regulate the mining industry and delegated to the Land Reclamation Commission the authority to enforce this scheme. This statutory scheme empowers the Commission to, among other things, adopt rules and regulations, conduct investigations, examine and pass on new conservation plans, monitor compliance with mining regulations, conduct hearings, and order the forfeiture of bonds for failure to take corrective actions. The Commission is also empowered to revoke permits, order the cessation of mining operations, and to institute legal proceedings to enforce the statutory scheme and its own orders:

**444.767. Powers of commission—promulgation of rules—review**

The commission may:

. . . . . . .

(6) **Order, after hearing, the revocation of any permit and to cease and desist operations** for failure to comply with any of the provisions of sections 444.760 to 444.789 or any corrective order of the commission;

. . . . . . . .

(8) **Cause to be instituted** in any court of competent jurisdiction **legal proceedings** for injunction or other appropriate relief **to enforce** the provisions of sections 444.760 to 444.789 and any order of the commission promulgated thereunder;

\* \* \* \*

Section 444.767 RSMo 1994 (emphasis added).

This statute makes clear that the legislature has itself recognized the distinction between an order revoking a permit to mine and an order to cease and desist operations. Section 444.767(6). We cannot accept Judge Calhoun's claim that his order rescinding LCSC's permit to mine also served as a cease and desist order.

Judge Calhoun's order merely rescinded LCSC's permit to mine; it did not order LSCS to stop mining or wrest from the Department of Natural Resources and the Land Reclamation Commission their discretion to determine whether to prosecute LCSC. Because Judge Calhoun's order did not specifically order LCSC to cease and desist mining operations, no action for contempt may lie. The trial court therefore exceeded its jurisdiction by issuing an order to appear and show cause to relators. Our preliminary writ of prohibition is hereby made permanent.

AHRENS, J. and ROBERT G. DOWD, Jr., J., concur.